STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PETER KUDZINOWSKI, PLAINTIFF IN ERROR.

Submitted May 31, 1929—Decided October 14, 1929.

For the plaintiff in error, *Alexander Simpson* and *William L. Griffin*.

For the defendant in error, *Aloysius McMahon* and *John Drewen*, prosecutor of the pleas.

The opinion of the court was delivered by

BLACK, J. The defendant in this case was convicted for the murder of Joseph Storelli on the 17th day of November, 1928, a boy seven years of age. The jury found a verdict of murder of the first degree without recommendation. The defendant was sentenced to be executed at the state prison on the 24th of February, 1929. The essential facts which led up to the crime are these. The defendant met the boy on First avenue, New York City, at about five-thirty in the evening. After taking the boy to a moving picture in New York City he took him by the tube to Journal Square in Jersey City, New Jersey, and then walked with him about one and a half miles along the Hudson Boulevard to the meadows. The boy tried to get away, the defendant knocked him down and hit him several times. Being apprehensive that the boy's outcries would attract passing automobiles, he slashed his throat, covered the body with the boy's overcoat, and left him.

On December 3d, 1928, he was apprehended by a police officer in Detroit, apparently drunk. Later, he made a confession and was brought to Hudson county, tried and convicted. The defendant did not take the stand or offer to take the stand at the trial. The defendant files twenty-nine assignments of error and specifications of causes for reversal, which are identical. The first twenty-three are alleged trial errors in admitting or refusing to admit certain specified pieces of evidence, twenty-four, error in refusing to charge as requested, twenty-five and twenty-six, error in the charge, twenty-seven and twenty-eight, the verdict is against the weight of the evidence, twenty-nine, error in the sentence.

Our examination of the record leads us to the conclusion, that no reversal or harmful error was committed by the trial court. None of the assignments of error call for any extended discussion, except perhaps, numbers twenty-four to twenty-nine which will be discussed hereafter.

It has long been the established rule in this state, in the trial of criminal cases, in addition to the existence of error in law, it must be shown, that such error was, or might

have been prejudicial to the defense on the merits. This is now embodied in section one hundred and thirty-six of the Criminal Procedure act. 2 *Comp. Stat., p.* 1863; *Hunter* v. *State,* 40 *N. J. L.* 495, 543; *Lamble* v. *State,* 96 *Id.* 231, 235.

In view of the confession made by the defendant to the police authorities of Detroit, record pages 70, 72, on the 5th of December, 1928, it would seem that the alleged errors call for no discussion. In reference to numbers twenty-seven and twenty-eight, it is alleged the verdict is against the weight of the evidence. The evidence is plenary of the defendant's guilt if believed by the jury. *State* v. *Karpowitz,* 98 *N. J. L.* 546.

The only other point which calls for any discussion is number twenty-five, alleged error in the charge in reference to insanity. The court charged "in the first place, the burden of proof rests upon the accused, upon the defendant. The law presumes that every man is sane until the contrary be proved. Hence, when an accused sets up a defense of insanity the burden of proof is upon him, and, to make effectual such a defense, the proof of the prisoner's insanity must be satisfactory. He must overcome the legal presumption of sanity by a clear preponderance of proof, and by the most satisfactory evidence."

The criticism aimed at this passage of the charge is that the words "and by the most satisfactory evidence" places an added burden on the defendant, not required by law. In answer to this, it is sufficient to say, that Chief Justice Hornblower in 1843, in the case of *State* v. *Spencer,* 21 *N. J. L.* 196, speaking for the court said the proof of insanity at the time of committing of the act, ought to be clear and satisfactory, in order to acquit the accused on the ground of insanity. In *State* v. *Graves,* 45 *Id.* 347, 349, this is the identical language used by Mr. Justice Depue in a charge in the Essex Oyer and Terminer and which was approved by this court in that case. So, in the case of *State* v. *Noel,* 102 *Id.* 659, it was said, we here reaffirm the test of sanity in a criminal case laid down in the Spen-

cer case. So, the present Chief Justice speaking for this court in 1909, in the case of *State* v. *Maioni,* 78 *Id.* 339, 343, used this language: "The language of the instruction is almost identical with that used by this court in the Graves case. The rule there laid down by us, although not in harmony with that existing in some of our sister states, has been steadfastly held to by our courts ever since the decision in the Spencer case in the year 1843, and is too firmly imbedded in our laws to be subject to alteration or modification by judicial decision. The criticism upon this portion of the charge is, in our opinion, without merit." So, in this case, twenty years after the decision of that case and after a reaffirmation of the point by this court, in the case of *State* v. *Noel,* 102 *Id.* 659, in 1926, the criticism in this case is without merit.

The judgment of the Hudson Oyer and Terminer is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.